UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD FRANCIS | CIVIL ACTION |
| VERSUS | NO. 22-763 |
| SOUTHERN FIDELITY INSURANCE COMPANY, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is plaintiff's unopposed motion to remand this matter to the Civil District Court for the Parish of Orleans.[1] For the following reasons, the Court grants plaintiff's motion.

I.  BACKGROUND

This is a property insurance dispute arising from damage caused by Hurricane Ida in 2021.[2] Plaintiff commenced this action in the Civil District Court for the Parish of Orleans on February 9, 2022.[3] Defendant Southern Fidelity Insurance Company ("Southern Fidelity") removed this case on March 24, 2022 on the basis of diversity

---

[1]  R. Doc. 24.
[2]  *See generally* R. Doc. 1.
[3]  *See generally* R. Doc. 6-2.

jurisdiction.[4] Subsequently, this matter was stayed because Southern Fidelity was declared insolvent and placed into liquidation by the Second Judicial Circuit Court in Leon County, Florida.[5] The Court lifted the stay on January 10, 2023,[6] and plaintiff filed an amended complaint on January 11, 2023 substituting the Louisiana Insurance Guaranty Association ("LIGA") as the defendant in this case.[7] Now, plaintiff moves to remand this case because LIGA's presence destroys complete diversity.[8] Plaintiff's motion is unopposed. The Court considers the motion below.

## I. LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was

---

| | |
|---|---|
| 4 | R. Doc. 1. |
| 5 | R. Doc. 8. |
| 6 | R. Doc. 10. |
| 7 | R. Doc. 17. |
| 8 | R. Doc. 24. |

appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 WL 419901, at *2 (E.D. La. July 13, 1995). Though the Court must remand the case to state court if at any time before the final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

## II.  DISCUSSION

Plaintiff moves to remand on the basis that LIGA is a Louisiana citizen for jurisdictional purposes and that therefore LIGA's presence in the case vitiates the Court's subject matter jurisdiction. At the outset, the Court notes that defendants have failed to respond to plaintiff's motion. "This alone provides sufficient grounds to remand." *Brown v. Heintz*, No. CV 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases). But remand is also warranted for the reasons set forth in plaintiff's motion. LIGA is an unincorporated association and "has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991). Multiple sections of this Court have remanded cases because LIGA has constituent member insurers based in Louisiana. *See, e.g.*, *Soza v. S. Fid. Ins. Co.*, No. 22-985, 2023 WL 315948, at *1 n.3 (E.D. La. Jan. 19, 2023) (Ashe, J.); *14th St. Properties, LLC v. S. Fid. Ins. Co.*, No. CV 22-1593, 2023 WL 416317, at *1 (E.D. La. Jan. 26, 2023) (Brown, C.J.). Here, LIGA did not file an opposition and therefore does not contest plaintiff's contentions that it is a citizen of Louisiana for jurisdictional purposes. Accordingly, the Court grants plaintiff's motion.

## III. CONCLUSION

For all of the foregoing reasons, defendant's motion is GRANTED. The Court REMANDS this matter to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __29th__ day of March, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE